| Fill in this information to identify the case: | |
|---|---|
| Debtor name | **HLMC TITLE SERVICES, INC.** |
| United States Bankruptcy Court for the: | NORTHERN DISTRICT OF ILLINOIS |
| Case number (if known) | 22-02518 |

☐ Check if this is an amended filing

Official Form 425A

# Plan of Reorganization for Small Business Under Chapter 11  02/20

**HLMC TITLE SERVICES, INC.** 's Plan of Reorganization, Dated **June 30, 2022**

[If this plan is for a small business debtor under Subchapter V, 11 U.S.C. § 1190 requires that it include "(A) a brief history of the business operations of the debtor; (B) a liquidation analysis; and (C) projections with respect to the ability of the debtor to make payments under the proposed plan of reorganization." The Background section below may be used for that purpose. Otherwise, the Background section can be deleted from the form, and the Plan can start with "Article 1: Summary"]

**Background for Cases Filed Under Subchapter V**

**A. Description and History of the Debtor's Business**

The Debtor was organize as a corporation in 2012.  Debtor currently operates its business from 1147 W. 175th, Homewood, IL 60430 ("Property").  Since its inception, Debtor has owned a real property located at 17532-42 Dixie Highway, Homewood, IL, where it operates a strip mall.  The Property consists of four (4) Permanent India Numbers (PINs) namely, 29-31-112-027-0000, 29-31-112-025-0000, 29-31-112-010-0000, and 29-31-112-002-0000.  Debtor acquired the partially developed Property in 2017 for $200,000.00.  Debtor's Principal invested over $300,000.00 to develop the Property and to let the premises to commercial tenant for rent.

In order to pay for the renovation costs and improvements to the Property, the Debtor, as borrower, obtained a loan in the principal amount of $150,000.00 under a certain mortgage agreement dated September 15, 2017 ("First Mortgage") from Sapient Providence, LLC ("Sapient").  This mortgage was recorded on September 19, 2017, as Document No. 1726212025 with the Cook County Recorder of Deeds, securing a promissory note for even date for $150,000.00 in favor of Sapient.

**B. Liquidation Analysis**

To confirm the Plan, the Court must find that all creditors and equity interest holders who do not accept the Plan will receive at least as much under the Plan as such claim and equity interest holders would receive in a chapter 7 liquidation. A liquidation analysis is attached to the Plan as Exhibit A.

**C. Ability to make future plan payments and operate without further reorganization**

The Plan Proponent must also show that it will have enough cash over the life of the Plan to make the required Plan payments and operate the debtor's business.

The Plan Proponent has provided projected financial information as Exhibit **B**.

**You should consult with your accountant or other financial advisor if you have any questions pertaining to these projections.**

**Article 1: Summary**

This Plan of Reorganization (the *Plan*) under chapter 11 of the Bankruptcy Code (the *Code*) proposes to pay creditors of **HLMC TITLE SERVICES, INC.** (the *Debtor*) from [Specify sources of payment, such as an infusion of capital, loan proceeds, sale of assets, cash flow from operations, or future income].

This Plan provides for:  **1** class of priority claims;

**2** classes of secured claims;

**1** class of non-priority unsecured claims; and

**1** classes of equity security holders.

Non-priority unsecured creditors holding allowed claims will receive distributions, which the proponent of this Plan has valued at approximately ___ cents on the dollar. This Plan also provides for the payment of administrative and priority claims.

All creditors and equity security holders should refer to Articles 3 through 6 of this Plan for information regarding the precise treatment of their claim. A disclosure statement that provides more detailed information regarding this Plan and the rights of creditors and equity security holders has been circulated with this Plan.

**Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)**

**Article 2: Classification of Claims and Interests**

| Debtor | HLMC TITLE SERVICES, INC. | Case number (*if known*) | 22-02518 |
|---|---|---|---|
| | Name | | |

| | | |
|---|---|---|
| 2.01 | **Class 1** | All allowed claims entitled to priority under § 507(a) of the Code (except administrative expense claims under § 507(a)(2), and priority tax claims under § 507(a)(8)). |
| | | Administrative claims shall be paid, in full, in cash, on the later of (1) the day prior to the Effective Date or (2) upon approval by the Bankruptcy Court of such Claims, or (3) on such other terms as agreed upon between the Debtor and the party asserting the Administrative Claim.  The only known Administrative Claims are those of the Debtor's attorneys, Laxmi P. Sarathy, and David R. Herzog, the Subchapter V Trustee, Matthew Brash.  Subchapter V fees shall be paid on the later date of (1) the Effective Date, or (2) upon approval by the Bankruptcy Court of such Claims, or (3) if existing cash does not allow for full payment, in monthly installments for no more than twelve (12) months. |
| | | Priority Claims, other than Administrative Claims and Priority Tax Claims, if any, shall be paid, in full, in cash, on the Effective Date, or on such other terms as agreed upon between the Debtor and the party asserting the Priority Claim.  The only known Priority Claim is that owed to the Cook County Assessor for property taxes owed to Cook County. |
| 2.02 | **Class 2** | The claim of **Sapient Providence, LLC**, to the extent allowed as a secured claim under § 506 of the Code.  The Secured Claim of Sapient Providence, LLC, shall be paid in accordance with the terms of the contract. |
| 2.03 | **Class 3** | All non-priority unsecured claims allowed under § 502 of the Code. |
| 2.04 | **Class 4** | Equity interests of the Debtor.  No property or other consideration will be paid or distributed to the holder, Rajaei Haddad, who will retain his 100% stock ownership of the Debtor. |

**Article 3: Treatment of Administrative Expense Claims, Priority Tax Claims, and Quarterly and Court Fees**

| | | |
|---|---|---|
| 3.01 | **Unclassified claims** | Under section § 1123(a)(1), administrative expense claims, and priority tax claims are not in classes. |
| 3.02 | **Administrative expense claims** | Each holder of an administrative expense claim allowed under § 503 of the Code, will be paid in full on the effective date of this Plan, in cash, or upon such other terms as may be agreed upon by the holder of the claim and the Debtor. |
| 3.03 | **Priority tax claims** | Each holder of a priority tax claim will be paid in full on the effective date of this Plan, in cash, or upon such other terms as may be agreed upon by the holder of the claim and the Debtor. |
| 3.04 | **Statutory fees** | All fees required to be paid under 28 U.S.C. § 1930 that are owed on or before the effective date of this Plan have been paid or will be paid on the effective date. |
| 3.05 | **Prospective quarterly fees** | Quarterly fees are not required under Sub Chapter V cases. |

**Article 4: Treatment of Claims and Interests Under the Plan**

4.01 **Claims and interests shall be treated as follows under this Plan:**

| Class | Impairment | Treatment |
|---|---|---|
| Class 1 - **Priority claims** excluding those in Article 3 | ☑ Impaired<br>☐ Unimpaired | Class 1 is unimpaired by this Plan, and each holder of a Class 1 Priority Claim will be paid in full, in cash, upon the later of the effective date of this Plan, or the date on which such claim is allowed by a final non-appealable order. |
| Class 2 – **Secured claim of Sapient Providence, LLC** | ☑ Impaired<br>☐ Unimpaired | **Class 2 is impaired by this Plan.  All Class 2 Secured Claim, will be paid in monthly installments of $4000.00 per month.** |
| Class 3 – **Non-priority unsecured creditors** | ☑ Impaired<br>☐ Unimpaired | Class 3 is impaired by this Plan. |
| Class 4 - **Equity security holders of the Debtor** | ☑ Impaired<br>☐ Unimpaired | Class 4 is impaired by this Plan. |

**Article 5: Allowance and Disallowance of Claims**

Debtor **HLMC TITLE SERVICES, INC.**  Case number (*if known*) **22-02518**
Name

| | | |
|---|---|---|
| 5.01 | **Disputed Claim** | A *disputed claim* is a claim that has not been allowed or disallowed, and as to which either: |
| | | (i) a proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or |
| | | (ii) no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated. |
| 5.02 | **Delay of distribution on a disputed claim** | No distribution will be made on account of a disputed claim unless such claim is allowed. |
| 5.03 | **Settlement of disputed claims** | The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure. |

### Article 6: Provisions for Executory Contracts and Unexpired Leases

| | | |
|---|---|---|
| 6.01 | **Assumed executory contracts and unexpired leases** | (a) The Debtor assumes, and if applicable assigns, the following executory contracts and unexpired leases as of the effective date: None. |
| | | (b) Except for executory contracts and unexpired leases that have been assumed, and if applicable assigned, before the effective date or under section 6.01(a) of this Plan, or that are the subject of a pending motion to assume, and if applicable assign, the Debtor will be conclusively deemed to have rejected all executory contracts and unexpired leases as of the effective date. |
| | | A proof of a claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than **21** days after the date of the order confirming this Plan. |

### Article 7: Means for Implementation of the Plan

This Plan is self-executing.

### Article 8: General Provision

| | | |
|---|---|---|
| 8.01 | **Definitions and rules of construction** | The definitions and rules of construction set forth in §§ 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan. |
| 8.02 | **Effective Date** | The effective date of this Plan is the first business day following the date that is 14 days after the entry of the confirmation order. If, however, a stay of the confirmation order is in effect on that date, the effective date will be the first business day after the date on which the stay expires or is otherwise terminated. |
| 8.03 | **Severability** | If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan. |
| 8.04 | **Binding Effect:** | The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity. |
| 8.05 | **Captions** | The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan. |
| [8.06 | **Controlling Effect** | Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of **Illinois** govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.] |
| [8.07 | **Corporate Governance** | Not applicable. |
| [8.08 | **Retention of Jurisdiction** | Language addressing the extent and the scope of the bankruptcy court's jurisdiction after the effective date of the plan.] |

### Article 9: Discharge

Intentionally Omitted.

Debtor **HLMC TITLE SERVICES, INC.**     Case number (*if known*) **22-02518**
   Name

### Article 10: Other Provisions

[Insert other provisions, as applicable.]

**None.**

Respectfully submitted,

**X /s/ RAJAEI J. HADDAD**     **RAJAEI J. HADDAD**
[Signature of the Plan Proponent]     [Printed name]

**X /s/ Laxmi P. Sarathy**     **Laxmi P. Sarathy**
[Signature of the Attorney for the Plan Proponent]     [Printed name]